NO. 07-08-0316-CV
 
IN THE COURT OF APPEALS
 
FOR THE SEVENTH DISTRICT OF TEXAS
 
AT AMARILLO
 
PANEL D
 
MARCH 25, 2009
 
______________________________
 
 
LEE JOSEPH REDDIC, SR., APPELLANT
 
V.
 
LARRY REDDIC, APPELLEE
 
_________________________________
 
FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;
 
NO. 2006-537,398; HONORABLE WILLIAM C. SOWDER,


 JUDGE
 
_______________________________
 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
           Appellant, Lee Joseph Reddic, Sr., appeals the judgment of the trial court awarding
Appellee, Larry Reddic, title to and possession of certain real property situated in Lubbock
County, Texas, and barring Lee from claiming an ownership interest in the property. By five
issues, each dealing with whether Larry clearly and sufficiently repudiated Lee’s alleged
ownership interest, Lee contends the trial court erred and the judgment should be reversed
and a new judgment rendered in his favor. We affirm.
Background 
           Lee married Larry’s mother, Rose Mae Cotton, on September 28, 1957.


 Some time
shortly after their marriage, Lee left Rose and began living with another woman, Rachel
Reddic. Although Lee and Rose were never formally divorced, Lee and Rachel lived
together as husband and wife for approximately forty years. On May 18, 1972, while Lee
was living with Rachel, Rose purchased the property in question, taking title to the property
as “Rose Mae Cotton, a single woman.” Thereafter, on December 6, 1976, Rose, acting
individually, deeded the property to Larry. Although evidence presented indicated that Larry
paid the mortgage and taxes, Rose continued to reside on the property. At no time from May
18, 1972, until December 6, 1976, did Lee ever reside on the property or otherwise live with
Rose as husband and wife. Approximately 24 years later, in 2000, Lee moved into the
property in question with Rose. After Rose’s death in 2006, for the first time, Lee claimed
an ownership interest in the property by virtue of his marriage to Rose.
           Due to Lee’s claim of an ownership interest, Larry initiated this proceeding as a
trespass to try title action, seeking to establish ownership of the residence through adverse
possession. Lee sought to defend the action by maintaining limitations never began to run
because he was a co-tenant, and Larry failed to clearly and sufficiently repudiate his
ownership interest. The issue of adverse possession was submitted to a jury and the jury
determined that Larry had adversely possessed the property for the requisite period of time
under the five,


 ten,


 and twenty-five


 year statutes of limitation. Based upon the jury’s
verdict, the trial court entered judgment in favor of Larry. This appeal followed. 
Discussion
           The entire premise of Lee’s appeal is based upon his contention that he had an
ownership interest in the property in question by virtue of his marriage to Rose. Lee
contends that Rose’s deed to Larry only conveyed her one-half interest, and therefore, by
virtue of his continued ownership of the other one-half, he was a co-tenant. Lee further
maintains that Larry’s conduct was insufficient to constitute an effective repudiation of his
interest. Lee’s reliance upon the law pertaining to repudiation of a co-tenant’s interest is
misplaced because the record before us fails to establish the relationship of co-tenancy. In
other words, we find that Lee does not have an ownership interest in the property in
question. 
           During marriage, property is presumed to be subject to the sole management, control,
and disposition of a spouse if it is held in that spouse’s name, as shown by a muniment or
other evidence of ownership. Tex. Fam. Code Ann. § 3.104(a) (Vernon 2006). Rose held
the property in question in her sole name under a muniment of ownership, to-wit: a general
warranty deed. As such, the entire community interest was subject to her sole management,
control, and disposition. Jean v. Tyson-Jean, 118 S.W.3d 1, 5 (Tex.App–Houston [14th Dist.]
2003, pet. denied). Therefore, when Rose conveyed the entire fee simple title to the
property in question to Larry, she conveyed whatever interest Lee may have owned in the
property. Id. Thereafter, because Lee was a stranger to the title and not a co-tenant, Larry
did not have the burden placed on co-tenants of “bringing home” to the adverse party notice
of repudiation. Gossett v. Tidewater Associated Oil Co., 436 S.W.2d 416, 420
(Tex.Civ.App.–Tyler 1968, writ ref’d n.r.e.).
           Since Lee has not contested any of the other elements of Larry’s adverse possession
claim, the trial court did not err by entering judgment in favor of Larry. Issues one through
five are overruled.
Conclusion
           The judgment of the trial court is affirmed.
 
                                                                                  Patrick A. Pirtle

                                                                                        Justice

 
 
Campbell, J., concurring.